James R. Touchstone, SBN 184584
jrt@jones-mayer.com
Denise L. Rocawich, SBN 232792
dlr@jones-mayer.com
JONES & MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendants CITY OF WEST COVINA, OFFICER MUNOZ, OFFICER BRENES, OFFICER WEISCHEDEL, and OFFICER C. GONZALEZ

Peter L. Carr, IV, State Bar No. 256104
E-Mail: pcarr@thePLClawgroup.com
Na'Shaun L. Neal, State Bar No. 284280
E-Mail: nneal@thePLClawgroup.com
PLC LAW GROUP, APC
3756 Santa Rosalia Dr., Suite 326
Los Angeles, California 90008
Telephone: (310) 400-5890
Facsimile: (310) 400-5895

Attorneys for Plaintiff KEVIN LEE HOWARD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEE HOWARD,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF WEST COVINA; OFFICER MATTHEW MUNOZ; OFFICER JOSHUA BRENES; OFFICER DOUG WEISCHEDEL; OFFICER C. GONZALEZ; and DOES 1 through 10 Inclusive,<br><br>    Defendants. | Case No.: CV19-08281 CBM (MRW)<br>Judge: Hon. Conseulo B. Marshall<br><br>**STIPULATED PROTECTIVE ORDER** |

-1-
[PROPOSED] STIPULATED PROTECTIVE ORDER

# [PROPOSED] STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Defendants CITY OF WEST COVINA, OFFICER MUNOZ, OFFICER BRENES, OFFICER WEISCHEDEL, and OFFICER C. GONZALEZ and Plaintiff KEVIN LEE HOWARD (collectively "the Parties"), by their undersigned counsel, agree to be bound to the terms of the following Protective Order. The Parties represent that pre-trial discovery in this case is likely to include the production of information and/or documents that are confidential and/or privileged including the production of peace officer personnel file information and/or documents which the Parties agree includes: (1) Personal data, including marital status, family members, educational and employment history, home addresses, or similar information; (2) Medical history; (3) Election of employee benefits; (4) Employee advancement, appraisal, or discipline; and (5) Complaints, or investigations of complaints, concerning an event or transaction in which a peace officer participated, or which a peace officer perceived, and pertaining to the manner in which the peace officer performed his or her duties including compelled statements by peace officers. Defendants contend that such information is privileged as official information. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. Cal. 1990); see also Kerr v. United States Dist. Ct. for N.D. Cal., 511 F.2d 192, 198 (9th Cir.1975), aff'd, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Further, discovery may require the production of certain West Covina Police Department Policies and Procedures not available to the public and the public disclosure of which could comprise officer safety, raise security issues, and/or impede investigations. Peace officer personnel file information and/or documents and security-sensitive policies and procedures are hereinafter referred to as "Confidential Information".

Defendants contend that that public disclosure of such material poses a substantial risk of embarrassment, oppression and/or physical harm to peace officers whose Confidential Information is disclosed. The Parties further agree that

the risk of harm to peace officers is greater than with other government employees due to the nature of their profession. Finally, the Defendants contend that the benefit of public disclosure of Confidential Information is minimal while the potential disadvantages are great.

Accordingly, good cause exists for entry of this Protective Order to facilitate pre-trial disclosure while assuring the safety of these sensitive disclosures. See Fed. R. Civ. Proc. 26(c).

**SO STIPULATED**

Dated:   January 11, 2021            Respectfully submitted,

JONES & MAYER

By: /s/ Denise L. Rocawich
JAMES R. TOUCHSTONE
DENISE L. ROCAWICH
Attorneys for Defendants
City of West Covina, Officer Carmon and Officer Wiley

Dated:  January 11, 2021            Respectfully submitted,

PLC LAW GROUP

By: /s/ Na'Shaun L. Neal
NASHAUN NEAL
Attorneys for Plaintiff
Kevin Lee Howard

# PROTECTIVE ORDER

PER THE STIPULATION OF THE PARTIES AND GOOD CAUSE APPEARING, **IT IS HEREBY ORDERED** that the terms and conditions of this Protective Order shall govern the handling of Discovery Materials containing Confidential Information in matter of *Howard v. West Covina et al. USCD Case No. CV19-08281 CBM (MRW)* ("the Litigation"):

1. **Applicability of Order:** This Order does not and will not govern any trial proceedings in this Litigation, but will otherwise be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by Plaintiff in connection with the Litigation (this information hereinafter referred to as "Discovery Material").

2. **Designation of Material:** Defendants may designate Discovery Material that is in their possession, custody or control to be produced to Plaintiff as "Confidential Information" under the terms of this Order if Defendants in good faith reasonably believe that such Discovery Material contains non-public, confidential material as defined in section 4 below.

3. **Exercise of Restraint and Care in Designating Material for Protection:** When designating Discovery Material for protection as Confidential Information under this Order, Defendants must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.

4. **Confidential Information:** For purposes of this Order, Confidential Information is any information and/or documents that Defendants believe in good faith to be Peace Officer Personnel File Information and/or Documents including: (1) Personal data, including marital status, family members, educational and employment history, home addresses, or similar information; (2) Medical history;

(3) Election of employee benefits; (4) Employee advancement, appraisal, or discipline; and (5) Complaints, or investigations of complaints, concerning an event or transaction in which a peace officer participated, or which a peace officer perceived, and pertaining to the manner in which the peace officer performed his or her duties including compelled statements. Confidential Information is also any West Covina Police Department Policies and Procedures not available to the public and the public disclosure of which could comprise officer safety, raise security issues, and/or impede investigations.

5. **Designating Confidential Information:** The designation of Discovery Material as Confidential Information for purposes of this Order shall be made in the following manner:

   a. Documents: In the case of documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by stamping "Confidential" to each page containing any Confidential Information. Any such stamp shall not overwrite or otherwise obscure the text or images of any page.

   b. Deposition and Other Proceedings: In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) which contains Confidential Information shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this Litigation within thirty (30) business days after the receipt of the draft transcript of such deposition or other pre-trial proceeding. However, before such thirty (30) day period expires, all testimony, exhibits and transcripts of depositions or other testimony shall be treated as Confidential Information. Thereafter, only those portions properly designated shall be deemed Confidential Information.

      c.    Non-Written Materials: Any non-written Confidential Information (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such non-written material designated as "Confidential". In the event Plaintiff generates any "hard copy" transcription or printout from any such designated non-written materials, the person who generates such "hard copy" transcription shall take reasonable steps to maintain the confidentiality of such materials.

6.    **Inadvertent Disclosure:** The inadvertent failure to designate Discovery Information as "Confidential" does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the inadvertent disclosure, with the effect that such Discovery Material will be subject to the protections of this Order. Plaintiff shall exercise good faith efforts to ensure that copies they make of Confidential Information produced to him, and copies made by others who obtained such Confidential Information directly or indirectly from the Plaintiff include the appropriate confidentiality legend, to the same extent that the Confidential Information has been marked with the appropriate confidentiality legend by the Defendants.

7.    **No Waiver of Privilege:** Inadvertent disclosure of Confidential Information or otherwise privileged information shall not constitute a waiver of, or estoppel as to any claim of privilege. This Order is intended to provide the full protection afforded by Federal Rule of Evidence 502(d).

8.    **Claw-Back:** Pursuant to Federal Rule of Civil Procedure 26(b)(5), upon learning it may have produced Confidential or otherwise privileged Information, Defendants shall, within ten (10) days of such discovery, request the return of such Information in writing by identifying the Confidential or otherwise privileged Information and stating the basis on which the Information should be withheld from production. After being notified, Plaintiff must promptly return,

sequester, or destroy the Confidential or otherwise privileged Information and any copies, must not use or disclose the Information until the claim is resolved and must take reasonable steps to retrieve the Confidential or otherwise privileged Information if he disclosed the Information before being notified. If Plaintiff dispute Defendants' claim of confidentiality or privilege; they shall notify the Defendant claiming confidentiality of the dispute and the basis therefore in writing within thirty (30) days of receipt of the request for the return of the Confidential or otherwise privileged Information. The Plaintiff and the Defendant claiming confidentiality shall meet and confer in good faith regarding the disputed claim within thirty (30) days. In the event that the Plaintiff and the Defendant claiming confidentiality do not resolve their dispute, either party may bring a motion for a determination of whether a privilege applies. If such a motion is made, the Defendant claiming confidentiality shall submit to the Court for in camera review under seal a copy of the disputed Information in connection with its motion papers. The submission to the Court shall not constitute a waiver of any privilege or protection. Defendants must preserve the Information claimed to be privileged or otherwise protected until the claim is resolved.

9. **Notes of Confidential Information:** Any notes, lists, memoranda, indices, compilations prepared or based on an examination of Confidential Information that quote from or paraphrase, Confidential Information with such specificity that the Confidential Information can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Confidential Information from which they are made and shall be subject to all of the terms of this Order.

10. **Persons Authorized To Receive Confidential Information:** Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

a. The Court, persons employed by the Court who are necessary for the handling of the Litigation, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this Litigation or any appeal there from;

b. Counsel of record in this Litigation, as well as paralegals, technical, administrative and clerical employees working under the direct supervision of such counsel;

c. Experts or consultants assisting any counsel of record in this Litigation, provided such experts and consultants agree to be bound by the terms and conditions set forth in the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit "A" prior to the time such information is disclosed; and

d. Any other person, only upon order of the Court or upon stipulation of the Parties, and who agrees to be bound by the terms and conditions set forth in the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit "A" prior to the time such Information is disclosed. However, under no circumstances shall home addresses or telephone numbers of individual Defendants be provided to Plaintiff.

11. **Use of Confidential Discovery Material:** Discovery Material containing Confidential Information shall be used solely for purposes of the Litigation, including any appeal and re-trial. Any person or entity in possession of Discovery Material designated Confidential shall maintain those materials in accordance with Paragraph (storage) below.

12. **Storage Of Confidential Information:** The recipient of any Confidential Information that is provided under this Protective Order shall maintain such information in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under this Order.

-8-
[PROPOSED] STIPULATED PROTECTIVE ORDER

13. **Filing of Confidential Information:** Without written permission from Defendants or a Court order, Plaintiff may not file in the public record in this action any Confidential Information. Filing this information in the public record must occur under seal in compliance with Local Rule 79-5 when seeking to file Confidential Information under seal. The party desiring to place any Confidential Information before the Court shall lodge the information in a sealed envelope along with an application to file the papers or the portion thereof containing Confidential Information under seal and a copy of a Proposed Order Sealing Documents. Said envelope shall be endorsed with the title of the Litigation, an indication of the nature of the contents of such sealed envelope, the identity of the party filing the materials, the phrase "Confidential Information" and a statement substantially in the following form:

> THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS LITIGATION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED, OR MADE PULBIC, EXCEPT BY ORDER OF THE COURT. UNLESS THE COURT ORDERS THAT IT NOT BE FILED, IT SHALL BE FILED UNDER SEAL.

Additionally, within seven (7) days from the date that the papers (or portions thereof) were filed under seal consistent with the above procedures, the party who filed the papers under seal also shall file in the public record a version of the papers that has been redacted to omit the Confidential Information or any references thereto).

As for any other information disclosed during discovery and marked "Confidential" that either party wishes to file in the public record in this action in support of or in opposition to any motion, the parties shall specifically identify any such documents and seek a stipulation concerning any sealing requirement

therefore during the parties Local Rule 7-3 conference of counsel. If no agreement can be reached, the party advancing the "confidential" designation bears the burden of moving to have those documents sealed by the court.

14. **No Prejudice:** Agreeing to be bound by this Protective Order, agreeing to and/or producing or receiving Confidential Information or otherwise complying with the terms of this Order shall not:

   a. Prejudice in any way the rights of Defendants to object to the production of documents it considers not subject to discovery, or operate as an admission by Defendants that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by Defendants to be Confidential Information;

   b. Prejudice in any way the rights of Defendants to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

   c. Prejudice in any way the rights of Defendants to seek a determination by the Court whether any Confidential Information should be subject to the terms of this Order;

15. **Challenging Designation of Information:** Plaintiff may challenge the propriety of a Confidential Information designation by providing to the Defendant claiming confidentiality a writing which briefly: (i) identifies with reasonable particularity the documents and/or information which are the subject of the challenge; and (ii) describes the basic legal or factual grounds for the challenge. Once a challenge is made, the Defendant claiming confidentiality will bear the burden of initiating and conducting a sufficient meet and confer (per Local Rule 37-1); and, if necessary, Defendant claiming confidentiality will bear the burdens of proof and persuasion in moving for a Protective Order (per Local Rule 37-2) to uphold the challenged Confidential Information designation(s). Until the

Court rules on the timely filed Motion for Protective Order, all parties shall continue to afford the material in question the level of protection to which it is entitled under the claiming Defendants' designation.

16. **Additional Parties or Attorneys:** In the event additional parties join or intervene in this action, the newly joined party(ies) shall not have access to Confidential Information until its counsel has executed an agreement to be fully bound by this Order. If any additional attorneys make appearances in this Litigation, those attorneys shall not have access to Confidential Information until they execute the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit "A".

17. **Protective Order Remains In Force:** This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by order of the Court made upon reasonable written notice. Unless otherwise ordered, or agreed upon by the parties, this Protective Order shall survive the termination of this action. The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

18. **Conclusion of Litigation:** Within ninety (90) days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation, all persons having received Confidential Information shall either return such material and all copies thereof to the counsel of the Defendant who designated the information as Confidential or destroy all such Confidential Information including the Confidential Information Plaintiff provided to other persons. In either case, counsel for Plaintiff must certify that fact to the counsel of the Defendant who designated the information as Confidential.

19. **Redaction Allowed:** Defendants may redact Confidential Information from documents and things produced to the extent that such information consists of personal identifying information of third parties per Federal Rule of Civil Procedure 5.2 and Central District Local Rule 5.2-1 and/or personal identifying information of of peace officers or their family members, such as ID numbers, phone numbers, addresses, or medical history which is unrelated to any claim or defense raised in the instant action. Defendants shall mark each thing where matter has been redacted with a legend stating "REDACTED," as appropriate, or a comparable notice.

20. **Violations of Protective Order:** In the event that any person or party should violate the terms of this Protective Order, the aggrieved party should apply to the Court obtain relief against any such person or party violating or threatening to violate any of the terms of this Protective Order.

In the event that the aggrieved party seeks injunctive relief, it must petition the District Judge for such relief, which may be granted at the sole discretion of the District Judge.

**IT IS SO ORDERED.**

Dated: January 14, 2021

_____
Hon. Michael R. Wilner
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT "A" TO STIPULATED PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEE HOWARD,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF WEST COVINA;<br>OFFICER MATTHEW MUNOZ;<br>OFFICER JOSHUA BRENES;<br>OFFICER DOUG WEISCHEDEL;<br>OFFICER C. GONZALEZ; and<br>DOES 1 through 10 Inclusive,<br><br>    Defendants. | Case No: CV19-08281 CBM (MRW)<br><br>**AGREEMENT CONCERNING INFORMATION COVERED BY STIPULATED PROTECTIVE ORDER** |

1. I, _____, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered in this Litigation [Case No: CV19-08281 CBM (MRW)] by the United States District Court for the Central District of California (hereinafter, "the Protective Order").

2. I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

3. I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

4. If I receive documents or information designated as Confidential Information (as that term is defined in the Protective Order), I understand that such Information is provided to me pursuant to the terms and restrictions of the Protective Order.

5. I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any Confidential Information disclosed to me pursuant to the terms of the Protective Order.

6. I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for resolution of any matters pertaining to the Protective Order.

My address is: _____

My present employer is: _____

Dated: _____

Signed: _____